E. MARTIN ESTRADA
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
JENNIFER L. WAIER
Assistant United States Attorney
California Bar Number:  209813
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3550
     Facsimile: (714) 338-3708
     E-mail:    Jennifer.Waier@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>ALEXANDER MILINOVIC,<br><br>          Defendant. | Case No. SA CR 23-56-FWS<br><br>GOVERNMENT'S RESPONSE TO PRESENTENCE REPORT |

     Plaintiff United States of America, by and through its counsel of record, Jennifer L. Waier, having received and reviewed the

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Presentence Report for defendant Alexander Milinovic, submits the government's response to the Presentence Report.

Dated: November 14, 2023              Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office


*Jennifer L. Waier*
JENNIFER L. WAIER
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

2

Defendant Alexander Milinovic pleaded guilty to Counts 1-3 of the 3-Count Information in which he is solely named.

The Probation Office has determined that defendant's Total Offense Level with acceptance of responsibility is 5 and Criminal History Category is I.  Thus, the advisory sentencing guideline range is 0 to 6 months' imprisonment.  The government agrees with the Criminal History Category and the Total Offense Level in the Presentence Report.

As part of the Plea Agreement, the government promised to recommend a low-end sentence, which does not include imprisonment. (PSR ¶4.)  The Probation Office, in Condition No. 5, is recommending that defendant perform 120 hours of community service because "in lieu of a custodial sentence," community service is an alternative sanction.  (Prob. Ltr. at 7.)  Because the low-end of the advisory sentencing guideline range does not include imprisonment, the government objects to the community service condition.  Indeed, "[a] fine may be the sole sanction if the guidelines do not require a term of imprisonment."  See U.S.S.G. §5E1.2, comment (no. 1).

Thus, the government believes a one-year period of probation without community service and a fine within the applicable guideline range[1] is sufficient but not greater than necessary to comply with the purposes of Title 18, United States Code, Section 3553(a)(2).

In accordance with the Plea Agreement, the government requests that defendant receive the following low-end sentence: a one-year term of probation on the terms and conditions noted in the

---

[1]  The Probation Office is recommending a $20,000 fine.  This is far above the maximum fine for a Total Offense Level of 5, which is $9,500.  See U.S.S.G. §5E1.2(c)(1), (2), (3) (noting that the fine guideline range for Total Offense Level 5 is $500-$9,500).

Presentence Report, with the exception of Condition No. 5, and a fine of no greater than $9,500.  Defendant should also be ordered to pay a $75 special assessment.  There is no need for a deferred restitution hearing because the government is not aware of any restitution due to any of the victims in this case.